IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TAROLYN TRENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 7198 |
| v. | ) | |
| | ) | Judge |
| HEALTHPORT TECHNOLOGIES LLC, | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |

## COMPLAINT

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1991, and the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101 *et seq*.

2. This court has jurisdiction pursuant to 42 U.S.C. §§ 2000e-5(e) and (f) and 28 U.S.C. §1331 and §1367.

3. Venue is proper in this court pursuant to 28 U.S.C. §1391, in that Defendant HealthPort Technologies, LLC, is a company doing business in the Northern District of Illinois and under 28 U.S.C. §1331(b)(2) in that the events alleged below occurred in this District.

**Parties**

4. Plaintiff Tarolyn Trent is a resident of Joliet, Illinois. At all times relevant to this complaint she was employed by HealthPort Technologies, and worked at Morris Hospital, 150 West High Street, Morris, Illinois, as a medical records scanner.

5. Plaintiff Trent was an employee within the meaning of Title VII and the Americans with Disabilities Act.

6. Defendant HealthPort Technologies, LLC, is a business incorporated under the laws of Georgia, which does business as HealthPort Technologies in Morris, Illinois. The defendant is an employer within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(2). The defendant is engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

**Administrative Proceedings**

7. Plaintiff filed a charge of discrimination on the basis of her race, African-American, and her disability with the Equal Employment Opportunity Commission.

8. Plaintiff received a Notice of Right to Sue on or about July 18, 2011, attached hereto as Exhibit 1.

**Facts**

9. Defendant hired Plaintiff to work as a medical-records scanner at Morris Hospital on or about July 2, 2008.

10. Plaintiff's race is African-American.

11. Plaintiff has several mental disabilities, schizophrenia and manic depression, for which she was under the treatment of physicians at all times relevant to this complaint. These conditions are disabilities within the meaning of the Americans with Disabilities Act.

12. Plaintiff informed her direct supervisor, Alan Osher, of her disabilities prior to the adverse actions described below.

13. Plaintiff was otherwise qualified to perform the job of records scanner and her performance met Defendant's legitimate expectations.

14. Plaintiff was hired to work the day shift.

15. Barbara Kleinfeldt was hired as a scanner on July 29, 2008, several weeks after Plaintiff.

16. Kleinfeldt and Plaintiff worked together during the day shift from July 2008 until January 2009.

17. In January 2009, Defendant, through its agent Alan Osher, asked Plaintiff to switch to the night shift, from 3 p.m. until 11 p.m.

18. Plaintiff explained that she could not work the night shift due to her disabilities and requested to be permitted to continue working the day shift.

19. Plaintiff provided Osher with a letter from her doctor explaining that reassignment to the night shift would interfere with Plaintiff's medical treatment and could destabilize her mental condition. This document requested that Plaintiff be permitted to continue working during the day.

20. Defendant, through Osher, told Plaintiff that if she did not accept the change in shift she would be fired.

21. Kleinfeldt's race is Caucasian.

22. Kleinfeldt did not have a disability.

23. Osher asked Kleinfeldt to work the second shift.

24. Kleinfeldt declined.

25. Kleinfeldt was permitted to continue working the first shift.

26. Osher decided to terminate Plaintiff because she declined to work the evening shift.

27. Osher decided not to terminate Kleinfeldt, although Kleinfeldt also declined to work the evening shift, and was in all other respects similarly situated to Plaintiff.

28. Plaintiff's termination became effective January 16, 2009.

29. Defendant hired Dianna Reyes to replace Plaintiff. Reyes is Caucasian and does not have a disability.

## COUNT I
### Discrimination on the Basis of Race Under Title VII
### 42 U.S.C. Section 703 (a)(1)

30. Plaintiff realleges paragraphs 1 – 29 as if fully set forth herein.

31. Plaintiff was discharged from her employment because of her race, African-American.

32. Plaintiff was intentional treated differently than Kleinfeldt, a similarly situated white employee.

33. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer damages including past and future lost wages, past and future lost benefits, emotional distress, and other damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A. Back pay;

    B. Reinstatement or front pay;

    C. Plaintiff's cost of suit and attorney's fees; and

    D. Any further relief as this Court deems just.

## COUNT II
### ADA – Termination on the Basis of Disability

34. Plaintiff realleges paragraphs 1 – 29 as if fully set forth herein.

35. Plaintiff was a qualified individual with a disability, able to perform all essential functions of her job with a reasonable accommodation.

36. Plaintiff was performing her job up to her employer's legitimate expectations.

37. Defendant was on notice of Plaintiff's disability.

38. Defendant terminated Plaintiff from her employment because of her disability.

39. Defendant intentionally treated Plaintiff differently from similarly situated non-disabled employee Kleinfeldt.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A. Back pay;

    B. Reinstatement or front pay;

    C. Plaintiff's cost of suit and attorney's fees; and

    D. Any further relief as this Court deems just.

## COUNT III
### Failure to Make Reasonable Accommodation Under ADA
### 42 U.S.C. § 12112(b)(5)(A)

40. Plaintiff realleges paragraphs 1 – 29 as if fully set forth herein.

41. Defendant had a duty to make a "reasonable accommodation" to Plaintiff's disability.

42. Plaintiff's requested accommodation, being permitted to continue working the shift for which she was hired, was reasonable and would not have imposed an "undue hardship" on Defendant.

43. Defendant's failure to accommodate Plaintiff violated the Americans with Disabilities Act.

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant and award the following relief:

    A.    Back pay;

    B.    Reinstatement or front pay;

    C.    Plaintiff's cost of suit and attorney's fees; and

    D.    Any further relief as this Court deems just.

**Plaintiff demands trial by jury.**

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for Plaintiff*

Adele D. Nicholas
Nicholas Law Office
4510 N. Paulina St., 3E
Chicago, Illinois 60640
847-361-3869